## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

CYNTHIA SUSAN ROSE,

        Plaintiff,

v.                                            No. CIV-06-307 MV/CEG

UNITED STATES OF AMERICA,

        Defendant.

### <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (Doc. No. 14, filed September 22, 2006). For the reasons stated below, the Court shall **DENY** the Motion.

**Undisputed Facts**

On May 8, 2003, Plaintiff was seen at the Tularosa Health Center for a cryosurgical procedure. (Motion ¶ 1, at 2). The Tularosa Health Center is operated by Presbyterian Medical Services and has been deemed by the Department of Health and Human Services to be covered under the Federal Tort Claims Act. (*Id.* ¶ 2, at 2). The treating physician is also covered under the Federal Tort Claims Act. (*Id.* ¶ 3, at 2).

The treating physician performed the cryosurgery procedure on Plaintiff on May 8, 2003. (*Id.* ¶ 4, at 2). During the procedure, Plaintiff heard the treating physician say "Oops, I spilled it," or words to that effect, and immediately felt a burning pain in the area of the procedure. (*Id.*). Plaintiff dressed herself and, with pain and difficulty, drove to her daughter's home on May 8, 2003. (*Id.* ¶¶ 5-6, at 2).

Plaintiff's daughter stated, in a sworn statement, that her mother was in obvious pain and told her that the doctor had spilled the freezing agent on her and she felt like she was on fire. (*Id.* ¶ 6, at 2). After observing her mother's condition, Plaintiff's daughter called the clinic and told a nurse that her mother was in terrible pain and looked seriously injured. (*Id.* ¶ 7, at 3; Defendant's Ex. C, Daughter's Affidavit ¶ 5; Response at 1-2, Doc. No. 21, filed October 16, 2006). The nurse talked to the treating physician and told Plaintiff's daughter that the physician wanted Plaintiff to return to the clinic. (*Id.*).

Plaintiff's attorney faxed a letter and an administrative claim to the Department of Health and Human Services ("DHHS") on May 9, 2005, at 4:17 p.m. Mountain time, 6:17 p.m. Eastern time. The attorney listed the date of injury as May 8, 2003. (Motion ¶ 8, at 3). Plaintiff mailed an identical administrative claim to DHHS on May 9, 2005, which was received on May 16, 2005. (Motion ¶ 11, at 3).

**Subject Matter Jurisdiction**

Plaintiff brought this case under the Federal Tort Claims Act, 28 U.S.C. § 1346(b)(1) ("FTCA"). (*See* Complaint ¶ 1, Doc. No. 1, filed April 17, 2006). The FTCA provides the Court with

> exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his . . . employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim

2

accrues . . . ..."  28 U.S.C. § 2401(b).

Defendant argues that the Court does not have jurisdiction over this matter because Plaintiff's claim was received by DHHS on May 10, 2005, which is outside the two year statute of limitations. (*See* Memorandum in Support of Motion at 7, Doc. No. 15, filed September 22, 2006).  Defendant does not dispute that Plaintiff's attorney faxed a letter and an administrative claim to DHHS on May 9, 2005 at 4:17 p.m. Mountain time, which is 6:17 p.m. Eastern time.  (*See id.* ¶ 8 at 3).  Defendant contends that a facsimile transmission of a claim is not acceptable, that 6:17 p.m. is after the normal business hours at DHHS, that no one was present to receive the fax, and that the fax was "received" the following morning, May 10, 2005, at 7:10 a.m. when a DHHS employee date-stamped the faxed claim.  (*See id.* at 7).

Defendant argues that facsimile presentation of Plaintiff's claim is not acceptable.  (*See id.* at 7).  To support its argument, Defendant cites D.N.M.LR-Civ. 5.4 (requiring good cause and judicial approval before filing by facsimile), D.N.M.LR-Civ. 5.6(b) (allowing for electronic service between parties who have agreed to such service), and Fed. R. Civ. P. 4(i) (service of summons and complaint on United States via registered or certified mail).  Defendant cites no legal authority stating that the District of New Mexico's Local Rules for filing and service and Fed. R. Civ. P. 4(i) for service of summons and complaint on United States apply to the presentation of an administrative claim to DHHS.  Nor does Defendant cite any legal authority stating that presentation of an administrative claim to DHHS may not be accomplished by facsimile or must be made by certified or registered mail.

The Court concludes that presentation of an administrative claim by facsimile satisfies the relevant portion of the FTCA which provides:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b); *see also* 28 C.F.R. § 14.2 ("For purposes of the provisions of 28 U.S.C. 2401(b) . . . a claim shall be deemed to have been presented when a Federal agency receives from a claimant . . . an executed Standard Form 95 or other written notification of an incident . . . ."). The plain language of section 2401(b) requires only that a claim be presented in writing. *See Richards v. United States*, 369, U.S. 1, 9 (1962) (the legislative purpose of the FTCA is expressed by the ordinary meaning of the words used). The facsimile received by DHHS is written notification of a claim. Section 2401(b) does not prohibit presentation by facsimile nor does it require that a claim be presented by certified or registered mail.

Defendant contends that Plaintiff's claim was filed outside of the two-year limitations period because it was faxed to DHHS after normal business hours on the last day of the two-year period when no one was present to receive the fax. (*See* Memorandum in Support at 7; Reply at 5-6). Defendant states:

> Facsimile transmission received after hours should be treated just as regular mail would be treated. Had Plaintiff timely presented the claim by mail during working hours on May 9, 2005, Defendant would not be seeking dismissal of this action. Clearly, the U.S. mail would not have been delivered and therefore "received" after working hours. Plaintiff does not deny that 6:17 pm Eastern time was after working hours at this HHS office. Just as the mail isn't received until opened (and stamped in), the fax isn't received until someone is present to pick it up and stamp it in as received.

(Reply at 5-6). Defendant cites no legal authority supporting its argument.

The Court concludes that Plaintiff timely filed her claim. The Court, like others, uses Fed. R. Civ. P. 6(a) as a guide to interpret the jurisdictional statute establishing the time for filing an FTCA

4

claim with an agency.  *See In re Swine Flue Immunization Prod.  Liab. Litig.*, 880 F.2d 1439, 1445 (D.C. Cir. 1989) (in the absence of any contrary provision in the FTCA, the best evidence of congressional intent is the provision in Rule 6(a)); *Maahs v. United States*, 840, F.2d 863, 866 (11th Cir. 1988) (the method of Rule 6(a) applies to federal statutes of limitations, including section 2401(b) of the FTCA);  *Hart v. United States*, 817 F.2d 78, 80 (9th Cir. 1987) (rule 6(a) applies to FTCA);  *Frey v. Woodard*, 748, F.2d 173, 175 (3d Cir. 1984) (rule 6(a) is appropriate method for computing time in which to file administrative claim under FTCA).  Defendant agrees that May 9, 2005, was the last day Plaintiff could timely file her claim.  (*See* Reply at 5).  Plaintiff had until midnight May 9, 2005, to file her claim.  *See* 1 James Wm. Moore et al., *Moore's Federal Practice* § 6.04[2] (2006) ("if a paper must be filed within one year from an event that occurred on October 1, 1994, then . . . filing period would end *at midnight* on October 1, 1995") (*emphasis added*).

Finally, Defendant argues that Plaintiff cannot prove that she presented her claim within the two-year statute of limitations.  (*See* Memorandum in Support at 7; *quoting Pinchasow v. United States*, 408 F.Supp.2d 138, 142 (E.D.N.Y. 2006) ("proof of actual receipt of a notice of claim by the appropriate federal agency is required to satisfy the presentment requirement of the FTCA")).  Defendant asserts that the proof of actual receipt of the facsimile by DHHS is the date and time stamp showing the claim was received by the agency on May 10, 2005, which is outside the two-year statute of limitations.  (*See* Memorandum in Support at 7).

Plaintiff does have the burden of  establishing that DHHS received her claim.  *See Moya v. United States*, 35 F.3d 501, 504 (10th Cir. 1994) (it is the plaintiff's burden to establish the proper agency's receipt of claim).  Plaintiff received a letter from DHHS, dated May 10, 2005, which states: "Your client's claim was received in the Claims Office, Office of the General Counsel, by fax on May

9, 2005 for consideration and reply." (*See* Response at 5-6, Ex. 2-2).  At the summary judgment stage the judge's function is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.  *See* FED. R. CIV. P. 56(c) (summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law).  When applying this standard, a court must view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party.  *Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Serv.*, 165 F.3d 1321, 1326 (10th Cir. 1999).  A reasonable fact finder could conclude that DHHS received Plaintiff's claim on May 9, 2005.

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (Doc. No. 14, filed September 22, 2006) is **DENIED.**

Dated this 20th day of March, 2007.

_____
**MARTHA VÁZQUEZ**
**CHIEF UNITED STATES DISTRICT JUDGE**

*Attorney for Plaintiff:*

Charles R. Finley
4215 Lead Avenue SE
Albuquerque, NM 87108


*Attorney for Defendant:*

Virgil H. Lewis II
P.O. Box 607
Albuquerque, NM 87103

6